**Brett W. EARL, Plaintiff—Appellant,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant—Appellee.**

No. 05–35262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Oct. 27, 2006.

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

Alexander Blewett, III, ESQ., Hoyt & Blewett, Great Falls, MT, for Plaintiff–Appellant.

Robert F. James, ESQ., Ugrin Alexander Zadick & Higgins, Great Falls, MT, Steven M. Hamilton, Hall & Evans, Denver, CO, for Defendant–Appellee.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

Plaintiff Brett W. Earl appeals the district court's summary judgment in favor of defendant Life Insurance Company of North America ("LINA") in this Employment Retirement Income Security Act ("ERISA") case. Earl claims entitlement to long-term disability benefits under an alternative definition of disability contained in two letters from two different LINA employees who quoted a disability definition from another insurance policy. The definition was not contained in the policy certified by LINA as the correct policy applicable to Earl at the time of his injury.

We conclude that the district court properly determined the only policy applicable to Earl's disability claim was the policy produced by LINA during litigation. The district court did not abuse its discretion by excluding a copy of the quoted policy from the evidence considered on summary judgment because there was no genuine issue of material fact regarding whether the other policy actually applied to Earl's claim. *See Patelco Credit Union v. Sahni,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

262 F.3d 897, 912 (9th Cir.2001); *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001). The only evidence Earl produced to support his contention that the other policy applied was the language in the two letters. All other evidence indicated that the alternative definition of disability was quoted by mistake and was taken from a policy that did not apply.

Furthermore, by the applicable policy's own terms, it could not be modified or amended by the waiver or mistake of an employee of the defendant insurance company. Modifications could only be made to the policy through an amendment signed by the policyholder and LINA, acting through its president, vice-president, assistant vice-president, director, or assistant director. The letters containing the alternative disability definition were written by a case manager and an appeals claim examiner.

Nor does equitable estoppel bind LINA to the mistaken definition of disability. The disability definition contained in the applicable policy is not ambiguous, and it was unreasonable for Earl to rely on a different disability definition when he had previously received three other documents—the summary plan description and two prior letters—containing the correct definition of disability. *See Spink v. Lockheed Corp.,* 125 F.3d 1257, 1262 (9th Cir. 1997) (requiring proof of material misrepresentation, reasonable and detrimental reliance upon the representation, extraordinary circumstances, ambiguous plan provisions, and representations involving an oral interpretation of the plan).

Finally, LINA never waived its reliance on the single, applicable definition of disability because it explained its denial of benefits on the basis of that definition throughout the administrative process. This is not a case where the insurance company or plan administrator raised new reasons for denial during litigation that were not raised during the administrative process. *Cf. Glista v. Unum Life Ins. Co. of Am.,* 378 F.3d 113, 128 (1st Cir.2004); *Vizcaino v. Microsoft Corp.,* 120 F.3d 1006, 1015–16 (9th Cir.1997) (Fletcher, J., concurring in part and dissenting in part).

AFFIRMED.